**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CASE NUMBER: 2:23-CR-00028**

**THE UNITED STATES OF AMERICA**                              PLAINITFF

vs.

**ISAIAH SMITH**                                                              DEFENDANT

## MOTION TO DISMISS

      Now comes Defendant, **ISAIAH SMITH**, through his attorney, **BRANDON A. MOERMOND**, and hereby joins co-defendant, DEMARCO STURGEON, in moving this court to dismiss all firearms related charges in the indictment pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Defendant, Mr. Smith, also respectfully requests the same briefing schedule as outlined in the status conference on August 11, 2023.

      A Memorandum in Support and Proposed Order are attached.

      Respectfully Submitted,

      /S/ BRANDON A. MOERMOND

**BRANDON A. MOERMOND of**
**L. PATRICK MULLIGAN**
**& ASSOCIATES, L.L.C., CO.**
**Ohio Bar #0092397   (pro hac vice)**
225 West Court Street
Cincinnati, Ohio 45202
(513) 421-9790
(513) 421-0606 facsimile
brandonmoermond@patrickmulligan.com

## MEMORANDUM IN SUPPORT

**MAY IT PLEASE THE COURT:**

On June 8, 2023 the Defendant, Isaiah Smith, was indicted by a federal grand jury with violations of 18 U.S.C. 922(o) and 26 U.S.C. 5861 (j). These criminal charges are firearm related offenses.

The United States Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) presented courts with a new framework when analyzing Second Amendment challenges to existing laws. Before *Bruen* the Supreme Court held that the Second Amendment confers an individual right to keep in bear arms in the landmark case *District of Columbia v. Heller*, 554 U.S. 570, 595, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008). In the years between *Heller* and *Bruen*, in the absence of concrete direction from the United States Supreme Court, courts "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combine[d] history with means-end scrutiny." *Bruen* at 2125.

In *Bruen* the court abandoned this two-step framework and puts the burden on the government to demonstrate that the law is consistent with the Nation's historical tradition of firearm regulation.

> To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Konigsberg* v. *State Bar of Cal.*, 366 U. S. 36, 50, n. 10 (1961).

*Bruen* at 2126.

The statutes in this case infringe on the Defendant's Second Amendment rights. To proceed with the prosecution of the Defendant the government must show that the statutes in this case are consistent with our Nation's historical tradition. If the government cannot meet this burden then the charges against the Defendant must be dismissed under the Bruen analysis.

As stated above, unless the government can meet their initial burden, the Defendant respectfully requests the firearm related charges against him be dismissed.

Respectfully submitted,

/S/ Brandon A. Moermond

---

**BRANDON A. MOERMOND of**
**L. PATRICK MULLIGAN**
**& ASSOCIATES, L.L.C., CO.**
**Ohio Bar #0092397   (pro hac vice)**
225 West Court Street
Cincinnati, Ohio 45202
(513) 421-9790
(513) 421-0606 facsimile
brandonmoermond@patrickmulligan.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was sent to the office of the U.S. Attorney via electronic filing on the same day as filing.

/S/ Brandon A. Moermond
**BRANDON A. MOERMOND**
Attorney for Defendant