UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 23-28-DLB-1

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                      **PLEA AGREEMENT**

ISAIAH M. SMITH                                                                           DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, which charges a violation of 18 U.S.C. § 922(o) (possession and transfer of a machinegun). Pursuant to Rule 11(c)(1)(A), the United States will move to dismiss the remaining counts of the Indictment applicable to this Defendant at sentencing.

2. The essential elements of Count 1 are:

(a) That the Defendant possessed or transferred a machinegun; and

(b) That the Defendant knew, or was aware of, the essential characteristics of the firearm which made it a machinegun.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant knowingly and voluntarily collaborated with others, including Demarco Sturgeon and Denico Hudson, to possess and transfer numerous machinegun conversion devices, commonly known as Glock switches or auto sears, to one another and other individuals during the time period alleged in the Indictment. The Defendant manufactured plastic conversion devices in Ohio and

sold many of them to Sturgeon in Kentucky. Sturgeon then sold the bulk of them to Hudson and other customers in Northern Kentucky and Southern Ohio. Hudson also assisted Sturgeon in making multiple sales of these devices to other customers.

(b) These machinegun conversion devices qualify as machineguns since they are designed to convert a semi-automatic pistol to fully automatic operation. All of them were created after 1986. None of the Defendants, nor their customers complied with the requirements of the National Firearms Act and, therefore, were not lawfully permitted to possess the conversion devices.

(c) In 2022, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) opened an investigation into individuals who were selling and possessing firearms and machinegun conversion devices to individuals engaged in drug trafficking and other criminal offenses. The investigation was predicated on information from two cooperating sources, who identified Sturgeon as a primary source of supply of firearms and Glock switches to groups in Cincinnati and Northern Kentucky.

(d) Subsequent investigation by ATF confirmed that Sturgeon was regularly trafficking in machinegun conversion devices supplied by the Defendant and others. The investigation included: (1) digital evidence (primarily Facebook records), (2) records and surveillance video from federal firearms licensees (FFLs), (3) interviews with sources of information, and (4) residential search warrants.

(e) For example, agents obtained video showing Sturgeon at Mark's Guns (a FFL in Florence, Kentucky) firing a handgun with a machinegun conversion device installed.

(f) A review of Sturgeon's Facebook account revealed photos and videos of machinegun conversion devices, firearms, and illegal drugs and numerous messages sent by Sturgeon advertising, selling, and purchasing machinegun conversion devices, firearms, and illegal drugs during the latter half of 2022. For example, messages in August 2022 revealed that Sturgeon agreed to meet Hudson to provide two black machinegun conversion devices in exchange for a quantity of drugs; Sturgeon indicated in the conversation that he intended to repackage the drugs for further distribution. The messages further revealed that Sturgeon regularly kept illegal drugs, firearms, and machinegun conversion devices in his possession and available for sale and that he instructed others how to install the conversion devices to convert firearms to fully automatic weapons.

2

(g) Sturgeon supplied Clifton Barnett and Cylis Rowe with firearm conversion devices that Barnett sold to others who could not lawfully possess them.

(h) The Defendant admits that he was aware that members of the conspiracy distributed over 25 machinegun conversion devices during the charged time period. All members of the conspiracy were aware that they were distributing these devices to individuals who were using and disposing of them unlawfully.

(i) During the execution of a search warrant on Sturgeon's residence in Kenton County on January 25, 2023, agents located a firearm and a quantity of marijuana in his room. Sturgeon admitted to extensive trafficking in firearms and conversion devices during the time alleged in the indictment and provided information identifying the Defendant as the primary supplier of the machinegun conversion devices. The Defendant frequently sold these devices to Sturgeon in Covington, Kenton County, Kentucky.

(j) According to the Sturgeon and Facebook communications, Hudson bought multiple machinegun conversion devices from Sturgeon and paid him with money and drugs (marijuana and fentanyl). Hudson also sold these conversion devices and eventually served as a middleman for Sturgeon who sold them to individuals in Cincinnati who were using them unlawfully.

(k) Agents obtained and executed a search warrant on the Defendant's residence on April 4, 2023 and seized a metal Glock switch and a loaded Glock semiautomatic model 19X pistol bearing serial number BSLE615 from the Defendant's bedroom. The Defendant confirmed that he had manufactured and distributed over 80 Glock switches and identified the location of the printers and computer that he used to make them, which agents subsequently seized. The Defendant admitted to distributing numerous switches to Sturgeon and to purchasing multiple firearms from him.

4. The maximum statutory punishment for Count 1 is 10 years imprisonment, a $250,000 fine, and 3 years supervised release. A mandatory special assessment of $100 applies to this Count.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor

3

of other calculations as long as they are not inconsistent with this agreement. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guideline range since it is more favorable to the Defendant than later guidelines.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in Paragraph 3 of this agreement.

    (c) Pursuant to U.S.S.G. § 2K2.1(a)(5), the base offense level is 18 because the offense involved machinegun conversion devices.

    (d) Pursuant to U.S.S.G. § 2K2.1(b)(1)(C), increase the offense level by six levels since the offense involved 25-99 firearms.

    (e) Pursuant to U.S.S.G. § 2K2.1(b)(5), increase the offense level by four levels since the Defendant engaged in the trafficking in firearms.

    (f) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by two levels for the Defendant's acceptance of responsibility. Since the offense level determined prior to this two-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by one additional level based on the Defendant's timely notice of intent to plead guilty. These reductions will not apply if the Defendant commits another crime, obstructs justice, violates this agreement, or violates a court order.

6. No agreement exists regarding the calculation of the Defendant's criminal history.

7. The Defendant will not seek a role reduction or file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant reserves the right to argue for a variance below the applicable advisory sentencing guidelines range. The United States is free to oppose any requested variance.

4

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In return, the United States agrees to dismiss the remaining count of this Indictment, recommend a sentence within the advisory guideline range as finally determined by the Court, and will not request a fine.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his, up to the

amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

11. The Defendant agrees to make a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States

Attorney's Office. If the Defendant is incarcerated at any time in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. Neither defense counsel, nor the United States, have made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Date: 12/6/23

By: CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Anthony J. Bracke
Assistant United States Attorney

Date: 12-01-2023

Isaiah M. Smith
Defendant

Date: 12/1/23

Brad Moermond
Patrick Mulligan
Attorney for Defendant

8