UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL NO. 23-28-DLB-1

UNITED STATES OF AMERICA                                          PLAINTIFF

V.            **AMENDED SENTENCING MEMORANDUM**

ISAIAH M. SMITH                                                    DEFENDANT

\* \* \* \* \*

The Defendant manufactured and distributed numerous machinegun conversion devices. He has a strong family background but was on felony probation and regularly abused controlled substances while engaged in this activity. The Court should impose a sentence of 72 months in prison and three years of supervised release.

I. **Summary of offense:**

The Defendant knowingly and voluntarily collaborated with Demarco Sturgeon and others to manufacture and distribute numerous machinegun conversion devices, commonly known as Glock switches or auto sears, to numerous individuals during the time alleged in the Indictment. The Defendant manufactured plastic conversion devices in Ohio and sold many of them to Sturgeon in Kentucky. Sturgeon then sold the bulk of them to Denico Hudson and other customers in Northern Kentucky and Southern Ohio. Hudson also assisted Sturgeon in making multiple sales of these devices to other customers, including members of two active Cincinnati gangs.

In 2022, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) opened an investigation into individuals who were selling and possessing firearms and machinegun conversion devices to individuals engaged in drug trafficking and other criminal offenses. The investigation was predicated on information from cooperating sources, who identified Sturgeon as a primary source of supply of firearms and machinegun conversion devices to gangs operating in Cincinnati and Northern Kentucky.

Subsequent investigation by ATF confirmed that Sturgeon was regularly trafficking in numerous machinegun conversion devices supplied by the Defendant. All members of the conspiracy were aware that they were distributing these devices to individuals who were using and disposing of them unlawfully.

During the execution of a search warrant on Sturgeon's residence in Kenton County on January 25, 2023, agents located a firearm and a quantity of marijuana in his room. The Defendant admitted to extensive trafficking in firearms and conversion devices during the time alleged in the indictment and provided information identifying the Defendant as the primary supplier of the machinegun conversion devices.

Agents obtained and executed a search warrant on the Defendant's Ohio residence on April 4, 2023 and seized a metal Glock switch and a loaded Glock semiautomatic model 19X pistol bearing serial number BSLE615 from Smith's bedroom. The Defendant confirmed that he had manufactured and distributed over 80 Glock switches and identified the location of the printers and computer that he used to make them, which agents subsequently seized. The Defendant admitted to distributing numerous switches to Sturgeon and to purchasing multiple firearms from him.

**II. <u>Objections to the Presentence Report</u>:**

After filing its initial sentencing memorandum in this matter, the United States became aware that of a violation report presented on April 16, 2024 alleging that the Defendant had committed two new unrelated crimes while awaiting sentencing. The United States pursued revocation of the Defendant's bond based on these events. The parties reached an agreement during the revocation proceedings on May 17, 2024. The Defendant agreed to surrender his bond and remain in custody through sentencing and the United States withdrew its request for revocation. In addition, the parties agreed that the Defendant would only receive a two-level reduction for acceptance of responsibility based on the new offenses.

As a result of this agreement, paragraph 31 of the presentence report should be amended to reflect a two-level reduction, this would result in amending paragraph 21 to reflect a final offense level of 26 and paragraph 76 to reflect the amended final offense level of 26 and a resulting advisory guideline range of 70-87 months.

**III. <u>Sentencing Factor Analysis</u>:**

The Defendant's advisory guideline range for this case now should be 70-87 months under the more-favorable 2021 guidelines. If the Court gives the Defendant the advantage of using the recency rules from the 2023 guidelines, then he would fall into a lesser criminal history category and the advisory guideline range would be 63-78 months. The Defendant's personal characteristics support a sentence within each possible advisory guideline range. He is young and has had family support throughout his life that gave him opportunities beyond those of other Defendants. His mental health issues,

3

significant drug use, limited education, each heighten the risk of recidivism. Significantly, the Defendant was on felony probation for a drug offense and continued to abuse controlled substances and engage in the current offense while under supervision. He continued to engage in lesser criminal activity while released on bond in this matter. The Defendant needs various forms of correctional treatment and training to redirect his life that can best be provided in a controlled setting.

The Defendant's current offenses are extremely serious and support a sentence in the middle of each of the possible advisory guideline ranges. The Defendant was the source of supply for machinegun conversion devices that he distributed to drug traffickers and others involved in criminal activity. Machinegun conversion devices such as those manufactured and distributed by the Defendant are incredibly cheap to produce and profitable to distribute. Such devices, in general, have been tied to multiple shootings in this area and pose significant dangers to innocent bystanders since they make it almost impossible to accurately aim handguns after installation. Imposition of a sentence of 72 months imprisonment would avoid an unwarranted sentencing disparity and support the need to deter criminal conduct, promote respect for the law, and protect the public.

**IV. Conclusion:**

The United States recommends a sentence of 72 months in prison and three years of supervised release. The listed items in the forfeiture allegation should be forfeited by agreement. We ask the Court to recommend participation in the RDAP program and continuing drug testing and treatment during the term of supervised release.

Respectfully submitted,

4

                              CARLTON S. SHIER, IV
                              UNITED STATES ATTORNEY

By:    s/ Anthony J. Bracke
        Assistant United States Attorney
        207 Grandview Drive, Suite 400
        Ft. Mitchell, Kentucky 41017-2762
        (859) 652-7032
        Anthony.Bracke@usdoj.gov

## CERTIFICATE OF SERVICE

On July 26, 2024, I electronically filed this notice through the ECF System, which will deliver a copy of the foregoing to counsel for the Defendant.

                              s/ Anthony J. Bracke
                              Assistant United States Attorney